IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Donnie Ray Hamm, ) C. A. No. 2:09-2836-RSC
)
      Plaintiff, )
)
   -versus- ) **O R D E R**
)
Michael J. Astrue, )
Commissioner of Social )
Security, )
)
      Defendant. )

    This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District and on consent of the parties. 28 U.S.C. § 636(c).

    The plaintiff, Donnie Ray Hamm, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

    On October 13, 2005, the plaintiff filed an application for disability insurance benefits alleging he became disabled on March 20, 2003, due to disorders of the lumbar spine, headaches and a cognitive disorder. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on August 25, 2006. The administrative law judge before whom the plaintiff appeared

with counsel, his wife, Lynn T. Hamm, and vocational expert, Kathleen Robbins (Tr. 37-97), considered the case de novo, and on March 2, 2009, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 13-20). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on September 2, 2009.

The plaintiff sought judicial review of the Commissioner's decision with this court. On June 27, 2007, the Honorable R. Bryan Harwell, United States District Judge, remanded the case to the Commissioner for further proceedings.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since March 20, 2003, the alleged onset date (20 CFR 404.1571 et seq.). ...
>
> 3. The claimant has the following severe conditions of impairments: disorders of the lumbar spine, headaches, and a cognitive disorder (20 CFR 404.1521 et seq. ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1526 and 404.1526). ...
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work, as defined in 20 CFR 404.1567(c). The claimant can

2

lift 50 pounds occasionally and 25 pounds
frequently. He can sit for about six of eight
hours, and stand/walk for six hours in an eight
hour day. The claimant is limited to no more than
occasional climbing of ramps or stairs. He is
precluded from climbing ropes, ladders and
scaffolds. He can frequently perform all other
postural activities. The claimant should avoid
concentrated exposure to fumes and gases. He is
limited to simple, routine, repetitive tasks in
two hour intervals. He can interact with the
public occasionally. The claimant can sustain a
work routine, and exhibit socially appropriate
work behavior. He does not have visual,
communicative, or manipulative limitations. ...

6. The claimant is unable to perform any past
relevant work (20 CFR 404.1565). ...

7. The claimant was born on December 5, 1953, and
was 49 years old, which is defined as a younger
individual age 18-49, on the alleged disability
onset date (20 CFR 404.1563).

8. The claimant has a limited education and is
able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material
to the determination of disability because using
the Medical-Vocational Rules as a framework
supports a finding that the claimant is "not
disabled," whether or not the claimant has
transferable job skills (See SSR 82-41 and 20 CFR
Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education,
work experience, and residual functional capacity,
there are jobs that exist in significant numbers
in the national economy that the claimant can
perform (20 CFR 404.1569 and 404.1569a). ...

11. The claimant has not been under a disability,
as defined in the Social Security Act, from March
20, 2003 through the date of this decision (20 CFR
404.1520(g)).

Tr. 15-20.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo

4

review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short, the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## ARGUMENTS PRESENTED

By brief the plaintiff presented the following five arguments:

> 1. The administrative law judge committed reversible error by not properly considering the opinions of Plaintiff's treating physician's, Drs. Schwartz[1] and Baxley.
>
> 2. The administrative law judge failed to take into consideration the reports of vocational consultations by Rock Weldon, and Glen Adams, certified vocational evaluators dated September 22, 2005, and September 25, 2005, done in connection with Plaintiff's worker's compensation claims. (Tr. pgs. 143, 150).

---

[1] The Commissioner acknowledges that the administrative law judge did not fully evaluate the opinion of Dr. Schwartz in accordance with 20 C.F.R. § 404.1527, but submits that the error was harmless in light of his evaluation of Dr. Baxley's nearly identical opinion.

5

## TREATING PHYSICIAN RULE

First, the plaintiff argued that the administrative law judge erred in not properly considering the plaintiff's treating physician's opinions.

The Fourth Circuit has long applied a "treating physician rule," under which the opinion of a claimant's treating physician will be given great weight. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). While the Commissioner is not bound by the opinion of a claimant's treating physician, "that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time, and it should be disregarded only if there is persuasive contradictory evidence." Michell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Additionally, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) both provide, "[i]f we find that a treating source's opinion on the issue(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight." The opinion is assessed under a series of factors set out in the regulations, including the length, nature, and extent of the relationship; the extent to which the physician explains the evidentiary support for his opinion; the consistency of the physician's statements; and whether or not the physician is a specialist. 20 C.F.R. § 404.1527(d).

6

## PAIN

After a claimant has met the threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, the intensity and persistence of the claimant's pain and the extent to which it affects his ability to work, must be evaluated. See, 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1). Under the regulations, this evaluation must take into account not only the claimant's statements about his pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings, see, id.; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.), see, 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it, see, 20 C.F.R. §§ 416.929(c)(3) & 404.1529(c)(3).

The regulations, as does the statute, see 42 U.S.C. § 423(d)(5)(A) ("Objective medical evidence of pain or other symptoms ... must be considered."), specifically provide for the consideration of objective medical evidence of the pain (if any such evidence exists) in the evaluation of its intensity and persistence. However, because pain is subjective and cannot always be confirmed by objective indicia, claims of disabling pain may not be rejected "solely because the available objective evidence does not substantiate [the claimant's] statements" as to

7

the severity and persistence of her pain. 20 C.F.R. §§ 416.929(c)(2) & 404.1529(c)(2)

<u>REPORTS FROM OTHER VOCATIONAL CONSULTANTS</u>

It is the administrative law judge's responsibility, not a vocational expert's, to assess a claimant's residual functional capacity, see, 20 C.F.R. § 404.1546, and here the administrative law judge found Plaintiff could do medium work.

**DISCUSSION**

At oral arguments, the plaintiff's attorney advised the court that subsequent to the opinion of the administrative law judge herein, the plaintiff filed another application for benefits and benefits had been awarded effective the day after the administrative law judge's opinion currently before the court. Accordingly, the issue before the court is whether the plaintiff was disabled during the period of March 20, 2003, the alleged date of onset, and March 2, 2009, the date of the administrative law judge's opinion herein.

The decision in this action turns on the administrative law judge's evaluation of the plaintiff's pain and his review of the treating physicians' opinions.

First, the court notes the administrative law judge discounted the plaintiff's complaints of pain because of the absence of objective evidence of pain. Specifically, the administrative law judge reported, "The testimony of the claimant is not fully credible concerning the severity of symptoms and the extent of limitations. Neither the severity nor the extent is supported by objective medical evidence of record." (Tr. 18).

8

The law in this circuit is well settled. "That is, once a medically determinable impairment which could reasonably be expected to produce the pain alleged by the claimant is shown by objective evidence, the claimant's allegations as to the severity and persistence of her pain may not be dismissed merely because objective evidence of the pain itself (as opposed to the existence of an impairment that could produce the pain alleged), such as inflamed tissues or spasming muscles, are not present to corroborate the existence of pain." Mickles v. Shalala 29 F.3d 918 (4th Cir. 1994).

Here the administrative law judge concedes that the plaintiff suffers from disorders of the lumbar spine, headaches and cognitive disorder. (Tr. 15). Also he acknowledges that the plaintiff has a history of back pain, a diagnosis of a herniated nucleus pulposus at L5-S1, was treated with lumbar steroid injections and was rated as having a permanent impairment of the lumbar spine by treating physicians. (Tr. 17). He cannot now dismiss the plaintiff's allegations as to the severity and persistence of pain merely because objective evidence of the pain itself is not present to corroborate the existence of pain.

Next the administrative law judge's evaluation of the reports of physicians Schwartz, Kopera and Baxley fails to meet the standards required for the evaluation of medical evidence.

First the administrative law judge purports to give controlling weight to the opinions of Dr. Schwartz and Dr. Kopera. These physicians saw the plaintiff in conjunction with his workers's compensation claim. Dr. Schwartz gave the

9

plaintiff a permanent physical impairment of the LS Spine of 8% and to the head 5% (Tr. 288), and Dr. Kopera gave a rating of 5% permanent impairment to the spine. (Tr. 299). However the administrative law judge failed to evaluate the functional limitations found by the physicians.

Although the administrative law judge found Dr. Schwartz's opinion controlling, he failed to mention any of Dr. Schwartz's findings, including Dr. Schwartz's opinion that the plaintiff's pain is so great that it would distract from adequate performance of daily activities or work. (Tr. 292).

The only medical evidence accepted by the administrative law judge bearing on the plaintiff's functional ability is a notation by Dr. Kopera that the plaintiff could lift fifty (50) pounds. (Tr. 18, 299 & 301). Dr. Kopera also at various times noted the plaintiff's regular work required him to lift up to one hundred (100) pounds and he was limited to lifting as little as ten (10) pounds. (Tr. 296-298 & 304). The administrative law judge dismissed a functional evaluation done in August 2003 finding the plaintiff could lift only twenty-five (25) pounds and carry only fifteen (15) pounds because the plaintiff had a, "very high pain focus." (Tr. 17, 294-295). Most striking is the administrative law judge's dismissal of Dr. Baxley's opinion.

Dr. Baxley saw the plaintiff from December 2006 through October 2008. (Tr. 377-385, 407-425). Dr. Baxley opined that the heaviest weight the plaintiff should lift would be fifteen (15) pounds. (Tr. 421). His findings were not inconsistent with all of the other medical evidence. He diagnosed lumbar

10

radiculopathy, low back pain, mild spasm, left sciatica, restless legs, posttraumatic migraine headaches. (Tr. 410). He also reported that the plaintiff's condition would prevent him performing a variety of work relate activities and opined the plaintiff could not engage in substantial gainful activity. (Tr. 421-423). The administrative law judge dismissed Dr. Baxley's reports and opinions as follows:

> Little weight is given to Dr. Baxley's opinion. It is inconsistent with the treating notes and the longitudinal record. It is based on minimal objective findings, and appears overly sympathetic to the claimant. Dr. Baxley's statement regarding absenteeism ["patient's symptoms would lead to absenteeism from employment." Tr. 422.] is a wild guess to accommodate claimant's subjective complaints. (Tr.17-18)

In short, it appears that the administrative law judge did not discuss the opinion of Dr. Schwartz which supported the plaintiff even though he found Dr. Schwartz's opinions to be controlling. He dismissed a functional evaluation because the plaintiff was focused on pain; he dismissed complaints of pain because of a lack of objective evidence, and he dismissed a treating doctor's opinion because it was a "wild guess" and appeared "overly sympathetic to the claimant."

The evaluation of the record by the administrative law judge is not consistent with the law, and his opinion is not supported by substantial evidence when the record is considered as a whole. Accordingly, the decision of the Commissioner is reversed and remanded to the Commissioner for a full and fair evaluation of the plaintiff's entitlement to benefits during the period of

March 20, 2003, the alleged date of onset, and March 2, 2009, the date of the administrative law judge's opinion herein.

**IT IS SO ORDERED.**

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

September 23, 2010